UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| ILLINOIS SKIN, INC. | Case No. 06-16098 |
| Debtor. | Judge Manuel Barbosa |
| | Hearing Date: November 15, 2007<br>Hearing Time: 10:00 a.m. |

## NOTICE OF MOTION

TO:   See Attached Service List

**PLEASE TAKE NOTICE** that on **November 15, 2007 at 10:00 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Manuel Barbosa**, Bankruptcy Judge, in the room usually occupied by him as a Courtroom in the Kane Count Courthouse, 100 S. Third St, Room 140, Geneva, Illinois, or in his absence, before such other Judge who may be sitting in his place and stead and hearing bankruptcy motions, and shall then and there present our **Combined First & Final Application of Suzanne Koenig & SAK Management Services, LLC for the Allowance and Payment of Fees Incurred for the Period from February 2007 Through May 2007,** a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleading.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

> Ira Bodenstein (#63126857)
> Patrick A. Clisham (#6277264)
> Shaw Gussis Fishman Glantz
>   Wolfson & Towbin LLC
> 321 North Clark Street, Suite 800
> Chicago, Illinois 60610

## CERTIFICATE OF SERVICE

Patrick A. Clisham certifies that she caused to be served a true copy of the above and foregoing notice and attached pleadings upon the attached service list in the manner so indicated, on this 29th day of October, 2007.

> /s/ Patrick A. Clisham

{5993 MOT A0189096.DOC}

## SERVICE LIST

### VIA ECF NOTICE TO REGISTRANTS

- Richard C Friedman    USTPRegion11.es.ecf@usdoj.gov, richard.c.friedman@usdoj.gov
- Scott H. Kenig    skenig@randall-law.com
- G. Alexander McTavish    alexmctavish@mrmlaw.com
- William T Neary    USTPRegion11.ES.ECF@usdoj.gov
- Thomas E Springer    tspringer@springerbrown.com, tspringer@ecf.epiqsystems.com;marigonzo@springerbrown.com

### VIA U.S. MAIL

Suzanne Koenig
SAK Management Services
4055 N. Peterson Ave Suite 101
Chicago IL 60646
skoenig@sakmgmt.com

Dr. Dari Ann Ungaretti
1975 Lin Lor Lane
Suite 205
Elgin, IL 60123

{5993 MOT A0189096.DOC}

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: <br><br> ILLINOIS SKIN, INC. <br><br> Debtor. | Chapter 7 <br><br> Case No. 06-16098 <br><br> Judge Manuel Barbosa <br><br> Hearing Date: November 15, 2007 <br> Hearing Time: 10:00 a.m. |

**COMBINED FIRST & FINAL APPLICATION OF SUZANNE KOENIG & SAK MANAGEMENT SERVICES, LLC FOR THE ALLOWANCE AND PAYMENT OF FEES INCURRED FOR THE PERIOD FROM FEBRUARY 2007 – MAY 2007**

Suzanne Koenig, the patient care ombudsman (the "Ombudsman"), appointed in the chapter 7 case (the "Case") of Illinois Skin, Inc. (the "Debtor"), applies to this Court pursuant to 11 U.S.C. § 330, Fed. R. Bankr. P. 2002(a)(6), (i), 2016(a), and 9007 and Local Bankruptcy Rule 5082-1 for the allowance of $6,627.50 in compensation for 20.70 hours of professional services rendered by the Ombudsman and SAK Management Services, LLC ("SAK") and $58.46 in actual and necessary expenses for the period beginning February 21, 2007 through and including May 31, 2007 (the "Application Period").[1] In support of this Application, the Ombudsman states as follows:

## BACKGROUND

1. On December 6, 2006 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "Bankruptcy Code"). In its petition, the Debtor designated itself a "health care business."

---

[1] In order to avoid unnecessary expenses, the Ombudsman's and SAK's fees and expenses have been combined and are included on the attached fee statement (the "Fee Statement").

{5993 MOT A0189096.DOC}

2. On January 25, 2007, the Bankruptcy Court entered an order directing the appointment of a patient care ombudsman in the Debtor's case (the "Case") under Section 333 of the Bankruptcy Code.

3. On February 21, 2007 (the "Appointment Date"), the United States Trustee (the "U.S. Trustee") appointed the Ombudsman as patient care ombudsman in the Case [Dkt. No. 36]. On March 12, 2007, the Court approved the application to employ SAK as medical advisor to assist the Ombudsman in the evaluation of the patient care provided by the Debtor. [Dkt. 40].

4. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## SUMMARY AND DESCRIPTION OF PRINCIPAL ACTIVITIES

5. During the Application Period, the Ombudsman and SAK coordinated with and advised the Trustee with respect to the evaluation of the patient care provided by the Debtor. Those efforts included

(a) Preparing Verified Declaration of Appointment of Suzanne Koenig as patient care ombudsman;

(b) Reviewing motions prepared by counsel, Shaw Gussis Fishman Glantz Wolfson & Towbin LLC;

(c) Reviewing patient records and physician practices of Dr. Dari Ann Ungaretti (Dr. Ungaretti);

(d) Communicating with patients to review and discuss the medical care delivered by the Debtor and Dr. Ungaretti;

(e) Preparing Patient Care Ombudsman report.

6. All services rendered by the Ombudsman and SAK in connection with this Application as described above were performed and necessarily rendered after due consideration of the expected costs and anticipated benefit of such services. Attached hereto as <u>Exhibit A</u> is

the Fee Statement, including a summary of the Ombudsman's and SAK's fees and expenses incurred during the Application Period. The Fee Statement includes the identity of each professional rendering the services and a break down of the date, time and fees incurred.

7.   The hourly rates charged by the Ombudsman and SAK compare favorably with the rates charged by other professionals having similar experience and expertise and engaged in similar proceedings. Further, the amount of time spent by the Ombudsman and SAK is reasonable given the issues presented and the scope of the work required.

8.   Given the criteria set forth in 11 U.S.C. § 330, namely (i) the nature, extent and value of the services, (ii) the time spent, (iii) the rates charged for such services, (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and the nature of the problem, issue or task addressed and (v) the reasonableness of the services based on the compensation charged by comparably skilled professionals inside and outside the bankruptcy context, the Ombudsman respectfully submits that the amounts requested represent fair and reasonable amounts for the allowance of compensation in this case.

## EXPENSES FOR ACTUAL COSTS

9.   The actual and necessary costs expended by the Ombudsman and SAK during the Application Period are detailed in the Statement of Expenses Incurred Through 5/31/07, attached hereto as <u>Exhibit B</u>. The requested reimbursement amount for expenses incurred is $58.46. All of the expenses for which reimbursement is sought are expenses that the Ombudsman and SAK customarily recoup from all of their clients.

10.   The specific expenses incurred during the Application Period for which reimbursement is requested are as follows:

{5993 MOT A0189096.DOC}

(a) Transportation costs were incurred in the amount of $58.46. This expense resulted from mileage costs from four trips of 36.54 miles each to and from the Debtor's office. The mileage cost is calculated at $0.40 per mile.

### PAYMENTS RECEIEVED BY THE OMBUDSMAN TO DATE

11.     This is the Ombudsman's and SAK's first and final application for compensation. Neither the Ombudsman nor SAK has been previously compensated for any services provided or expenses incurred in connection with the Debtor's Case, except that SAK was previously paid a retainer of $5,000.00 (the "Retainer") which will be applied to the fees and expenses allowed hereunder.

### COMPLAINCE WITH SECTION 504

12.     Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between or among the Ombudsman or SAK and any other firm, person or entity for the sharing and division of any compensation paid or payable to the Ombudsman or SAK.

### NOTICE

13.     Notice of this Application has been provided to the U.S. Trustee, and other parties in interest entitled to notice thereof. Based on the extent of the notice provided and the nature of the relief requested, the Ombudsman respectfully requests that additional notice of the hearing on this Application be waived for good cause shown pursuant to Fed. R. Bankr. P. 2006(a), 2002(i) and 9007.

WHEREFORE, the Ombudsman requests the entry of an order, substantially in the form attached hereto, that:

(a) allows, as final, fees and expenses in the amount of $6,685.96 to the Ombudsman and SAK (the "Fees and Expenses");

(b) allows the Ombudsman to apply the Retainer to the Fees and Expenses;

(c) authorizes the Trustee to pay the Ombudsman $1,685.96 in satisfaction of amounts owed after application of the Retainer;

(d) waives other and further notice of this hearing with respect to this Application; and

(e) provides the Ombudsman with such additional relief as may be appropriate and just under the circumstances.

Respectfully submitted,

Suzanne Koenig, not individually, but as appointed patient care ombudsman

Dated: October 29, 2007

By: /s/ Patrick A. Clisham
One of her Attorneys

Ira Bodenstein (#63126857)
Patrick A. Clisham (#6277264)
Vipin R. Gandra (#6289540)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
(312) 541-0151 telephone
(312) 980-3888 facsimile
pclisham@shawgussis.com

{5993 MOT A0189096.DOC}